## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Lawrence and Lorraine Lawrence, | ) ) ) | C.A. No.: 8:11-1099-JFA |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| Blue World Pools, Inc., | ) ) ) | |
| Defendant. | ) ) ) | |

| | | |
|---|---|---|
| Lynda Glasser, Eddie Hamm and Lisa Hamm, Angela Taylor, Lisa Mack, Beth Sturkey, Donald Taylor and Leslie Taylor, Dean Campbell and Shirley Campbell, Robert G. Baker, Sylvia Conner, Wayne Moore and Billie Sue Moore, Christopher Haltiwanger, Tony Smith, David Whitten and Menuel Whitten, Laston Pool and Christina Pool, Heather Mars, Shannon Lovell and Heather Lovell, | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 3:11-cv-1086-JFA |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Blue World Pools, Inc., | ) ) ) | |
| Defendant. | ) ) ) | |

| | | |
|---|---|---|
| Peggy Tant and Eugene Tant, | ) ) | C.A. No.: 9:11-cv-1102-JFA |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| Blue World Pools, Inc., | ) ) ) | |
| Defendant. | ) | |

_____
Clifford Braden and Patricia Braden,  )     C.A. No. 5:11-cv-1091-JFA
Nancy Iliac, Hazel Slifco and Jerry    )
Taylor, Simon Peter Golson and Carmon )
Golson, Robert Kimmerlin, Hope Green, )
Estate of Georgiana Cody, Gregory      )
Simpson, Amanda Holly, Ruth Berry      )
and Virginia Ulmer and Angela M.       )
Whetstone,                              )
                                        )
v.                                      )
                                        )
Blue World Pools, Inc.,                 )
                                        )
                Defendant.              )
_____)

This matter is before the court on Defendant Blue World Pools, Inc.'s motion to stay these four proceedings and to compel the Plaintiffs to arbitrate their claims. In the alternative, Blue World Pools moves the court to require the Plaintiffs to provide a more definite statement for some of the claims they assert. For the following reasons, the court grants Blue World Pool's motion to stay the case and compel the parties to arbitrate. As such, the court finds Blue World Pool's motion for a more definite statement moot.

## BACKGROUND

All of the Plaintiffs in these four cases purchased above-ground swimming pools from Blue World Pools, Inc., and to secure the Plaintiffs' purchase of the pool, Blue World pools obtained a mortgage on the Plaintiffs' homes. According to the Plaintiffs, they originally contacted Blue World Pools to purchase an "econoline" pool, which was advertised as costing $399; however, a Blue World Pool sales representative talked all of them into buying a "midline" pool, which cost significantly more. The Plaintiffs now

2

allege that Blue World Pools misrepresented the nature of the transaction and violated numerous state and federal laws through the manner in which they had the Plaintiffs enter into the sales agreement and through the manner in which they took security for payment of the pools in the form of a mortgage. They ask the court to void the transactions in question and terminate any security interest taken by Blue World Pools in Plaintiffs' properties.

Each sales contract entered into by all of the Plaintiffs contained the following arbitration provision:

> **SECTION G) BINDING ARBITRATION AGREEMENT: ANY DISPUTE, CLAIM OR CONTROVERSY OF ANY KIND WHETHER IN CONTRACT, TORT, OR OTHERWISE ARISING IN ANY MANNER RELATING TO THIS AGREEMENT WHETHER IT BE PRIOR, PRESENT, OR FUTURE DEALINGS WITH US THAT CANNOT BE RESOLVED BY NEGOTIATION BETWEEN THE PARTIES SHALL BE SUBJECT TO MANDATORY, EXCLUSIVE AND BINDING ARBITRATION IN CARSON CITY, NEVADA OR PURCHASER(S) LOCAL CITY OR STATE WHICHEVER IS APPLICABLE, UNDER THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION OR ANY OTHER MEDIATION OR ARBITRATION ASSOCIATION IN EXISTENCE AT THE TIME THE DISPUTE ARISES. NEITHER PARTY MAY TAKE ANY OTHER ACTION BY WAY OF REQUEST FOR INJUNCTIVE RELIEF OR OTHERWISE. THE ORDER OF THE ARBITRATORS(S) MAY BE ENTERED INTO ANY COURT OF COMPETENT JURISDICTION. THE PURCHASER AND DEALER (BLUE WORLD POOLS, INC.) AGREE TO ABIDE BY THE RULING OF THE ARBITRATION ASSOCIATION IN LIEU OF FILING A LAWSUIT. . . . THIS ARBITRATION PROVISION SHALL BE CONSTRUED ACCORDING TO FEDERAL LAW AND THE LAWS OF THE STATE OF NEVADA. A COURT MAY ONLY DECIDE WHETHER AN AGREEMENT TO ARBITRATE EXISTS OR A CONTROVERSY IS SUBJECT TO ANY AGREEMENT TO ARBITRATE. AN ARBITRATOR SHALL DECIDE WHETHER A CONDITION PRECEDENT TO ARBITRABILITY HAS BEEN**

3

**<u>FULFILLED AND WHETHER A CONTRACT CONTAINING AN
AGREEMENT TO ARBITRATE IS ENFORCEABLE. . . . THE
RESULT OF THIS ARBITRATION SECTION IS THAT THE
PURCHASER IS WAIVING THEIR RIGHTS FOR A DISPUTE
BETWEEN THE PARTIES TO BE LITIGATED IN COURT, TRIED
BEFORE A JURY, BROUGHT AS A MEMBER OF A CLASS
ACTION OR BROUGHT AS A PRIVATE ATTORNEY GENERAL
ACTION.</u>**

(Pls.' Resp. in Opp'n Ex. A.) In addition to this language, all of the Plaintiffs were also
required to initial by the following statement listed on the first page of the sales contract,
"**I (WE) AGREE TO BINDING ARBITRATION AS WRITTEN IN <u>SECTION G.</u>
(SEE SECTION 'G').**" (*Id.*) At some point in the sales process, the Plaintiffs were also
asked to sign a separate, stand-alone arbitration agreement, which contained similar
language to the language quoted above in that it reflected the parties' agreement to
arbitrate any disputes arising from the sales agreement and informed the Plaintiffs that
they would not be able to seek a jury trial, among other things. (*Id.* Ex. C.) It appears that
this stand-alone arbitration agreement was an addendum to the sales agreement. In their
brief, however, the Plaintiffs assert that this stand-alone arbitration agreement was not
presented to them until the day the pool was delivered and installed, which was well after
the sales agreement was entered into and well after the three-day right to rescind the
transaction had lapsed. Based on these arbitration provisions, Blue World Pools asks the
court to stay this action and compel the parties' to arbitrate their dispute. The Plaintiffs
contend that the arbitration provisions are unconscionable and in violation of public
policy; therefore, they ask the court to deny Blue World Pool's motion.

## ANALYSIS

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, "to replace judicial indisposition to arbitration with a national policy favoring it and placing arbitration agreements on equal footing with all other contracts." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 1402 (2008) (internal quotations and alterations omitted). Section 2 of the Act declares that a written agreement to arbitrate in any contract involving interstate commerce or a maritime transaction "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, and § 4 allows a party to such an arbitration agreement to "petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." Pursuant to § 3, the FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration, and "[t]his stay-of-litigation provision is mandatory." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002).

In the Fourth Circuit, arbitration is appropriate under the FAA if a litigant can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute." *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (internal quotation omitted). Of course, an arbitration provision may be invalidated by

"generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2776 (2010) (internal quotation omitted). In this matter, the Plaintiffs contest the second element, denying the existence of a binding contract to arbitrate their dispute. Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The arbitration agreement in question states that it "shall be construed according to federal law and the laws of the state of Nevada." (Pls.' Resp. in Opp'n Ex. A.)

The Plaintiffs contend that the arbitration agreement violates public policy because it purports to limit the type of damages the Plaintiffs can recover. The Plaintiffs further argue that the arbitration provision should not be enforced because the sales agreements and mortgages entered into by the Plaintiffs were a result of fraud in the inducement. The Plaintiffs also claim that they lacked any meaningful choice in the bargaining of this transaction and that the terms of the arbitration provision were not conspicuous because all of the words used in the sales agreement were in all capitals. It is clear from the Plaintiffs' complaints and arguments, however, that they attack the entire sales transaction, rather than lodge a specific challenge to the arbitration agreement found in the sales agreement, as most of the Plaintiffs allegations assert that the entire transaction, including the sales agreement, mortgage, stand-alone arbitration agreement, etc. were unconscionable and should be voided. Therefore, despite these objections to Blue World Pool's motion to compel arbitration, the court is bound by Supreme Court precedent to

grant Blue World Pool's motion, for the sales agreement contained an arbitration provision that specifically incorporated this type of dispute.

As the Supreme Court recently reiterated, "[i]f a party challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4." *See Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2778 (2010). And "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract . . . unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006). "Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Center, West, Inc.*, 130 S. Ct. at 2778.

Even if the court sets aside the stand-alone arbitration agreement signed by the Plaintiffs, which the Plaintiffs claim in their briefs that they were forced to sign after the transaction was entered into, the contents of the sales agreement first entered into by the Plaintiffs for the purchases of the pools contained a conspicuous arbitration provision. The Plaintiffs have made no credible claim that Blue World Pools improperly induced them to agree to the arbitration provision specifically, and in fact, each Plaintiff initialed a separate line on the first page of the sales contract, specifically acknowledging that they agreed to arbitrate any disputes that arose from the transaction. Moreover, the arbitration agreement specifically states that, "A court may only decide whether an agreement to

arbitrate exists or a controversy is subject to any agreement to arbitrate. An arbitrator shall decide whether a condition precedent to arbitrabilty has been fulfilled and whether a contract containing an agreement to arbitrate is enforceable." (Pls.' Resp. in Opp'n Ex. A) (all caps removed).

To the extent that the Plaintiffs do challenge the arbitration agreement, they only complain of the arbitration's provision's attempt to limit the damages payable by Blue World Pool in the instance that it was found liable to the Plaintiffs. Therefore, this does not appear to be a challenge to the agreement to arbitrate any dispute that arose between the parties. And to the extent the Plaintiffs claim that the arbitration agreement was buried in an adhesion contract, which did not give them a meaningful choice to agree o its terms, this argument is defeated by the fact that the Plaintiffs each initialed a separate line on the very first page of the sales agreement, indicating that they agreed to settle their disputes with Blue World Pools through binding arbitration.

## **CONCLUSION**

Because the agreement contained an arbitration provision and because the Plaintiffs initialed a separate statement in the sales agreement acknowledging that they agreed to arbitrate any dispute arising between the parties, the court grants Blue World Pool's motion to stay these four cases and compel arbitration, regardless of whether or not the stand-alone arbitration agreement can be enforced. The Plaintiffs have not made a sufficient showing in their briefs that there is reason to question the fact that they agreed to binding arbitration. Of course, the Plaintiffs complaints regarding any misrepresentations made by Blue World Pools or regarding the mortgages taken as

8

security interests on the Plaintiffs' homes are encompassed by the arbitration provision and are to be decided by the arbitrator.

IT IS SO ORDERED.

June 22, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge